NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA E. EWING, | No. 14-56061 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01334-MWF-AJW |
| v. | |
| RANDY MEGRDLE, Detective Employee Number 135509 an Officer of Lancaster Sheriff's Dept; C. HUSBANDS, Sergeant Employee Number 135509 an Officer of Lancaster Sheriff's Dept, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Linda E. Ewing appeals pro se from the district court's summary judgment

in her 42 U.S.C. § 1983 action alleging violations of the Fourth Amendment. We

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Ewing's Fourth Amendment judicial deception claim because Ewing failed to raise a genuine dispute of material fact as to whether defendant Megrdle procured the search warrant by making misrepresentations or omissions intentionally or with a reckless disregard for the truth.  *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (setting forth elements of a Fourth Amendment claim on the basis of judicial deception).

The district court did not abuse its discretion in denying Ewing's motion for leave to amend because granting leave to amend would be prejudicial to defendants and cause undue delay.  *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (setting forth standard of review and relevant factors; noting that prejudice is the most important factor).  We reject as without merit Ewing's contention that the district court improperly considered the motion seeking leave to amend after granting defendants' motion for summary judgment.

The district court did not abuse its discretion in denying Ewing's motion for reconsideration because Ewing did not present any newly discovered evidence.

14-56061

*See Coastal Transfer Co. v. Toyota Motor Salesm U.S.A.*, 833 F.2d 208, 211-12 (9th Cir. 1987) (setting forth standard of review and noting that evidence is not newly discovered if it could have been discovered earlier with reasonable diligence); *see also* C.D. Cal. R. 7-18.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]").

**AFFIRMED.**